UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLEIMER ARIAS BELENO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

CASE NO. 2:26-cv-02045-BAT

**ORDER GRANTING PETITION
AND DIRECTING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) his immediate release him from immigration detention on narrowly tailored restrictions; (2) Respondents be permanently enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANT**S the habeas petition as follows.

1.      Petitioner, a citizen of Columbia, entered the United States about December 25 2023 and was released on an Order of Release on Recognizance (OREC) two days later. A Notice to Appear was issued stating Petitioner was "an alien present in the United States who has not been admitted or paroled." On May 18, 2026 Petitioner was arrested in Salt Lake City, Utah, by Respondents "as part of a targeted enforcement operation" and transferred to the Northwest ICE Processing Center where he remains detained. Petitioner claims although he timely filed an

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 1

application for asylum, his removal proceedings remain pending, he has no criminal history, he developed ties to his community and was working, and complied with all of Respondent's requirements, Respondents abruptly and without notice or a hearing arrested and detained him.

2.      Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 because he is an "applicant for admission."  The Court rejects the contention. Petitioner has lived in the United States for two and a half years and the Notice to Appear that Respondent's issued states Petitioner is "an alien present in the United States who has not been admitted or paroled," not an "arriving alien." Petitioner was also released pursuant to an OREC. Release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). The Court thus finds Petitioner's detention is governed by 8 U.S.C. § 1226.

3.      Petitioner contends he was redetained in violation of due process, and the Court should apply the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Respondents argue Petitioner is mandatorily detained; Respondents present no argumentation as to the *Matthews* test, and instead state they "do not concede that a pre-deprivation hearing was required here, the specific circumstances of Petitioner's re-detention, at most call for a post-detention bond hearing to mitigate the risk of erroneous deprivation."

4.      The Court finds the *Mathews* test applies to Petitioner's redetention. Under *Mathews*, the Court considers:

(1) the private interest affected by the official action;

(2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 2

(3) the Government's interest and burdens additional procedural safeguards would entail. *Mathews.* at 334-35.

4.     Petitioner's liberty interest in continued freedom from detention weighs in his favor. The risk of erroneous deprivation is high. Petitioner has lived in the country for over two and a half years, there is no indication he has a criminal record or has engaged in conduct indicating he is a threat to the community or a risk of flight. Lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, *v. Wamsley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

6.     The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.     Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.     Respondents shall **RELEASE** Petitioner from immigration detention within 24 hours of the date and time this order is filed. The Court denies the request to sculpt the exact conditions of release.

3.     Respondents shall file a **CERTIFICATION** Petitioner has been released no later

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 3

than 48 hours of the date and time this order is filed.

4.   The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. *See e.g.* U.S.C. § 1226(c). However, Respondents are **PROHIBITED** from redetaining without notice and a hearing Petitioner for invalid reasons or no reason at all.

5.   Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be paid directly to counsel, counsel shall submit sufficient evidence that Petitioner has assigned fees and costs to counsel.

6.   As the Court is granting Petitioner immediate release, the Court issues this order in advance of the date by which Petitioner was entitled to file a reply to Respondent's traverse.

7.   The clerk shall provide a copy of this order to all counsel.

DATED this 30th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 4